UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| Ferris Joseph, | ) | |
| | ) | |
| | ) | Civil No. 06-4143 |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| CORPORATION OF THE PRESIDENT OF | ) | |
| THE CHURCH OF JESUS CHRIST OF | ) | |
| LATTER-DAY SAINTS, a Utah corporation | ) | **DEFENDANTS' ANSWER TO** |
| sole, and CORPORATION OF THE | ) | **PLAINTIFF'S STATEMENT OF** |
| PRESIDING BISHOP OF THE CHURCH OF | ) | **MATERIAL FACTS** |
| JESUS CHRIST OF LATTER-DAY SAINTS, | ) | |
| a Utah corporation sole, | ) | |
| | ) | |
| Defendants. | | |

Defendants Corporation of the President of The Church of Jesus Christ of Latter-day Saints and Corporation of the Presiding Bishop of The Church of Jesus Christ of Latter-day Saints (the "Church" or "Church Defendants"), by counsel, hereby submits the following Answer to Plaintiff's Supplemental Statement of Material Facts which begins on page five of Plaintiff's Statement of Material Facts In Dispute.

## ANSWER

Plaintiff's supplemental statement of facts does nothing to prevent summary judgment here. Assuming *arguendo* the accuracy of all Plaintiff's characterizations of the record, the Church is still entitled to summary judgment, because, as explained more fully in the Church's Memorandum and Reply Memorandum in support of its Motion for Summary Judgment, (1) Plaintiff's claims are barred by the statute of limitations; (2) Plaintiff's alleged sexual abuse by Robert White was not foreseeable and so the Church owed no duty of care to Plaintiff; and (3) Plaintiff's claims would require the Court to engage in a constitutionally prohibited examination

of the Church's doctrine and polity and are, therefore, non-justifiable.  In short, even Plaintiff's sometimes inaccurate characterization of the record does nothing to change the fact that Plaintiff's claims fail as a matter of law.

But for purposes of clarifying what the undisputed factual record actually says, the Church will address Plaintiff's representation of the supplemental facts point by point.  Plaintiff takes his statement of facts primarily from the depositions of Robert White, the alleged offender, and three former Church missionaries who worked with White around 1968 when the alleged abuse occurred.  While Plaintiff is entitled to state what these witnesses said and even make reasonable inferences as to what these statements meant, Plaintiff is not entitled to make unreasonable inferences, speculate, or engage in mere conjecture.  *Howard v. Columbia Pub. Sch. Dist.*, 363 F.3d 797, 800 (8th Cir. 2004) (noting that in the context of deciding a motion for summary judgment, "we do not accept unreasonable inferences or sheer speculation as fact"); *ACT, Inc. v. Sylvan Learning Sys.*, 296 F.3d 657, 666 (8th Cir. 2002) (noting that in the summary judgment context, a nonmoving party "is entitled to the benefit of all reasonable inferences that may be drawn from the evidence. It is not entitled, however, to the benefit of unreasonable inferences, those that amount to nothing more than mere conjecture").

## Answer to Plaintiff's Supplemental Statement of Facts

1.     Without any citation to the record, Plaintiff asserts that the title of "elder" given to missionaries conveys "an aura of authority or influence."  Plaintiff's assertion is unfounded speculation that is not appropriate for a statement of facts.  Plaintiff further alleges that Robert White's sole reason for missionary service was to avoid the military draft to the Vietnam War. The cited record does not support this statement.

2.      Without any support from the record, Plaintiff alleges that the Church conducted no "investigation to determine whether Elder White was fit to serve" as a missionary.  This is clearly inaccurate.  *See* Defendant's Statement of Undisputed Facts at ¶¶ 6-9.  The record shows that Robert White went through an extensive evaluation before being allowed to serve as a missionary.  Plaintiff also alleges that White had "sexual experiences with other boys and with an adult male prior to his mission."  The record reflects that on one occasion White masturbated in the presence of other boys who were doing the same thing.  (White's Depo at 126:18-25 and 127:1-3.)  There is no indication in the record that White instigated this conduct or sexually abused any of these boys.  White also testified that once while hitch hiking an adult male attempted to molest him and that White stopped the man and got out of the car immediately.

3.      No objection for purposes of summary judgment.

4.      Plaintiff alleges that all Robert White's contact with the Joseph family, including the alleged abuse of Plaintiff, "was in course and scope of his duties and functions as a missionary."  This is a legal conclusion and not statement of fact.  It is also an inaccurate statement of the law on this issue.[1]  Plaintiff also alleges that the facts show White "groomed" the boys in the Joseph family for sexual abuse while serving as a missionary.  The cited record does not support such an inference.

---

[1] Courts in other jurisdictions have repeatedly rejected the assertion that sexual abuse could be within the scope of employment.  *See, eg., N.H. v. Presbyterian Church (U.S.A.)*, 998 P.2d 592, 599 (Okla. 1999) ("Ministers should not molest children.  When they do, it is not a part of the minister's duty nor customary within the business of the congregation. … No reasonable person would conclude that [the minister's] sexual misconduct was within the scope of employment or in furtherance of the national organization's business."; *N.A. v. First Church of Christ*, 748 A.2d 692, 700 (Pa. Super. Ct. 2000) ("Nothing about Chick's sexual abuse of N.A. had any connection to the kind and nature of his employment as a minister."); *DiPietro v. Lighthouse Ministries*, 825 N.E.2d 630, 633-34 (Ohio App. 2005) (no respondeat superior liability for priest's sexual misconduct with underage parishioner:  [I]ntentional sexual activity is not related to a cleric's duties, nor does it further the Church's interests."); *Byrd v. Faber*, 565 N.E. 2d 584 (Ohio 1991) ("The Seventh-Day Adventist organization in no way promotes or advocates nonconsensual sexual conduct between pastors and parishioners. . . .  Consequently, appellees have failed to state a claim of respondeat superior liability on the part of the church."); *Paul J.H. v. Lum*, 736 N.Y.S.2d 561 (N.Y. App. 2002): *Tichenor v. Roman Catholic Church of Archdiocese of New Orleans*, 32 F.3d 953, 960 (5th Cir. 1994) ("It would be hard to imagine a more difficult argument than that Cinel's illicit sexual pursuits were somehow related to his duties as a priest or that they in any way furthered the interests of St. Rita's, his employer.").

5.      Plaintiff has testified that he was sexually abused by Robert White.  But Plaintiff's characterization of the facts suggests that the testimony of Robert White and his assigned companion, Jay Larson, would support this allegation.  To the contrary, Robert White denies abusing Plaintiff and Jay Larson's testimony is that he was virtually always with White during the time the alleged abuse occurred and does not see how White could have abused Plaintiff and his brothers in the manner alleged.  Dep. of Jay Larson at 101-105.

6.      Plaintiff alleges that missionaries are required to serve for "two years."  The record does not support this allegation.  Many missionaries do serve for two years, but missionaries are volunteers and are free to terminate their service at any time just as Robert White did after serving for approximately nine months.

7.      No objection for purposes of summary judgment.

8.      The cited record does not demonstrate that the "function and duties" of missionaries is to "establish a close personal relationship with constituents."  Further, neither Plaintiff nor his brother is competent to testify about the function and duties of missionaries.  As demonstrated by the Church's Statement of Undisputed Facts ¶¶15-16, missionaries are sent to teach the Church religious doctrines and faith.

9.      Plaintiff's allegation that the Church "assumes an extraordinary degree of supervision and control of the activities of its missionaries" is an inference not supported by the factual record.   Rather, the cited record demonstrates that two missionaries are assigned to a large geographic area and often do not see another missionary including the Mission President or an assistant to the president for weeks at a time.  While they are given rules about how to conduct themselves and are to submit a weekly report about their activities, it is not reasonable to

infer from these facts that the Church exercises extraordinary supervision and control over the conduct of missionaries.

10.    By disagreeing with the Church's description of a mission's organization and characterizing the ecclesiastical or organization of Church missions and the duties of an assistant to the president and a Mission President, Plaintiff is clearly asking the Court to delve into the Church's doctrine and polity in an unconstitutional manner as discussed more fully in the Church Memorandum and Reply Memorandum in support of its Motion for Summary judgment (the "Church's Memoranda").   Accordingly, the Church objects to this paragraph.

11.    The Church incorporates its response in ¶10 above.

12.    The Church incorporates its response in ¶10 above.

13.    The Church incorporates its response in ¶10 above.   The record cited does not support Plaintiff's statement that Jay Sessions, as an assistant to the Mission President, had missionaries "under his control" or was assigned to interview the missionaries to obtain "as much information as possible about them."

14.    No objection for purposes of summary judgment.

15.    No objection for summary judgment purposes.

16.    Plaintiff alleges that based on an unsubstantiated rumor that the Church had knowledge or notice that Robert White was unfit to serve as a missionary.  This is a legal conclusion and not a statement of fact.  Plaintiff's attempt to imply that an unsubstantiated rumor placed the Church on notice that Robert White was a risk to sexually molest male children is directly at odds with the law on this issue as demonstrated in the Church's Reply Memorandum in support of its Motion for Summary Judgment.

17.     Plaintiff misstates the record on several of the alleged issues regarding Robert White and mischaracterizes statements from White to non-supervisory peers as evidence that should have put the Church on notice.  As to the alleged psychological problems, there is no evidence White ever had any such problems or complained to other missionaries of any such problems.  The most White said was that he thought some of the returned missionaries in his hometown came home with psychological problems.  Sessions Dep. at 73:25-74:1-4.  White's alleged dishonesty is based solely on the fact that White told the people he was teaching he had a religious conviction about the things he taught them when he admitted to fellow missionaries that he had doubts about some of the things he was teaching.  Sessions Dep. at 74:15-75:1-20.  As to White's alleged pre-mission drug use, the cited record says only that White mentioned LSD to his missionary companion Elder Larson, who Plaintiff does not even allege had any supervisory authority over White.  Larson Dep. at 65:14-16.  White himself denies using LSD before his mission.  White Dep. at 63:11-13.  Further, there is no evidence that White ever used illegal drugs while serving as a missionary.    Finally, large portions of this paragraph are legal argument rather than a statement of facts from the record.

18.     For purposes of summary judgment, there is no dispute as to this fact.  But, as noted in ¶15 above, Robert White denies having ever sexually molested Plaintiff.

19.     For purposes of summary judgment, the Church does not dispute this statement.  But the record reflects that Plaintiff recalled the alleged sexual abuse before October 2004.  (Mark Hales' Depo at 21:6-25 - 22:1-10.)

20.     No objection for purposes of summary judgment.

Dated this _____ day of January, 2008.

MURPHY, GOLDAMMER
& PRENDERGAST, L.L.P.

James E. McMahon
101 North Phillips Avenue
Wells Fargo Building, Suite 402
Post Office Box 1535 (mailing address)
Sioux Falls  SD  57101-1535
605-332-5606 - telephone
605-331-6473 - facsimile
jim@mgplawfirm.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of January, 2008, I electronically filed the foregoing *Defendants' Answer to Plaintiff's Statement of Material Facts* with the Clerk of Court using the CM/ECF which upon information and belief will provide electronic notification of such filing to:

Stephanie E. Pochop
Johnson Eklund Law Office
Post Office Box 149
Gregory, SD  57533
sechops@hotmail.com
johnson@gwtc.net

Jeffrey M. Herman
Stuart S. Mermelstein
Adam D. Horowitz
Herman & Mermelstein
18205 Biscayne Boulevard, Suite 2218
Miami, Florida 33160
ahorowitz@hermanlaw.com

James E. McMahon