**FILED**
JAN 3 1 2008

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| FERRIS JOSEPH, | * | CIV. 06-4143 |
| Plaintiff, | * | ORDER DENYING MOTION FOR SUMMARY JUDGMENT |
| -vs- | * | AND |
| CORPORATION OF THE PRESIDENT CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole; and CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF LATTER-DAY SAINTS, a Utah corporation sole, | * | CERTIFYING QUESTION TO THE SOUTH DAKOTA SUPREME COURT PURSUANT TO SDCL 15-24A-1 |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## BACKGROUND

Ferris Joseph sued the defendant church corporations alleging they were negligent regarding their hiring, retention or supervision of a missionary who sexually abused plaintiff while he was a child (Doc. 1). Defendants moved for summary judgment (Doc. 53). Defendants assert summary judgment is appropriate because:

1. Joseph's claims are barred by the general personal injury statute of limitations SDCL 15-2-14(3); the time to bring suit against non-perpetrators is not enlarged by SDCL 26-10-25.
2. Even if SDCL 26-10-25 does enlarge the time to bring suit against non-perpetrators, SDCL 26-10-25 was not enacted until the time to sue had already expired as to these defendants, so SDCL 26-10-25 cannot resurrect an already dead claim.
3. Defendants are entitled to judgment as a matter of law on the merits of the negligence claim for the reasons urged in 4, 5, and 6 below.
4. The First Amendment and the South Dakota Constitution bar Joseph's negligence claim.
5. Joseph's negligence claim fails because defendants owed him no duty of care.
6. There is no evidence that the alleged abuse was foreseeable.

## JURISDICTION

Federal jurisdiction is invoked under 28 U.S.C. § 1332(a)(1). The parties consented to have the magistrate judge preside over the case pursuant to 28 U.S.C. § 636(c)(1). Pursuant to 28 U.S.C. § 636(c)(3) the consent of the parties allows a magistrate judge to exercise civil jurisdiction to direct entry of judgment of a district court in accordance with the Federal Rules of Civil Procedure and allows the parties to appeal to the appropriate United States court of appeals from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of a district court.

## FACTS

The facts are stated in the light most favorable to plaintiff. Ferris Joseph was a victim of childhood sexual abuse in 1968 as a result of conduct by a missionary of the Church, Robert White. Joseph repressed memories of his childhood sexual abuse until October 2004 when he was visiting his sister in Alberta, Canada, and he recovered his memories of the abuse.

Robert White was appointed by the Church to be a missionary for a two-year term beginning in 1967. Robert White was given the title of "Elder" and assigned to the Northern Indian Mission, which includes the State of South Dakota and other surrounding States. He was assigned first to the Lake Andes/Wagner area and then transferred in 1968 to Flandreau, South Dakota. While stationed in Flandreau, Robert White traveled to Sioux Falls and interacted on a number of occasions with the Joseph family. He spent a significant amount of time with the Joseph family and groomed their three young boys, including Ferris then age 12, by taking them out for treats and activities. Robert White took the boys to the missionaries' apartment in Flandreau where he sexually abused Ferris. Robert White's missionary service terminated in July 1968. Plaintiff commenced this litigation on August 17, 2006, within three years of discovery under SDCL 26-10-25.

2

SDCL 26-10-25 provides:

> Any civil action based on intentional conduct brought by any person for recovery of damages for injury suffered as a result of childhood sexual abuse shall be commenced within three years of the act alleged to have caused the injury or condition, or three years of the time the victim discovered or reasonably should have discovered that the injury or condition was caused by the act, whichever period expires later.

## OVERVIEW OF DECISION

The question whether SDCL 26-10-25 enlarges the time to sue not only a perpetrator for intentional acts of childhood sexual abuse but also enlarges the time to sue non-perpetrators for negligent conduct is certified to the South Dakota Supreme Court pursuant to SDCL 15-24A-1 by the certifying court's own motion pursuant to SDCL 15-24A-3. The summary judgment motion is in all other respects DENIED.[1]

## DISCUSSION

**Standard of Review.**

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P.56(c); Donaho v. FMC Corp.,74 F.3d 894, 898 (8th Cir. 1996).

**Retroactive Application of SDCL 26-10-25.**

The Church argues that even if SDCL 26-10-25 does enlarge the time to bring suit against

---

[1] The complaint alleges the Church fraudulently concealed pertinent information for the purpose of protecting itself from civil liability. This allegation, obviously, is to toll the running of SDCL 15-2-14(3), the three year statute of limitation on lawsuits for personal injury. Defendant did not request summary judgment against this allegation. This issue has not been addressed in the briefs by either side. This issue remains undecided in the event the South Dakota Supreme Court either declines to decide the reach of SDCL 26-10-25 or in the event the South Dakota Supreme Court decides SDCL 26-10-25 applies to perpetrators only.

3

non-perpetrators, SDCL 26-10-25 was not enacted until the time to sue had already expired to sue these defendants, so that SDCL 26-10-25 cannot resurrect an already dead claim. This argument has been answered by the South Dakota Supreme Court. Stratmeyer v. Stratmeyer, 567 N.W.2d 220 (SD 1997). The South Dakota Supreme Court decided that SDCL 26-10-25 applies "to all acts of intentional sexual abuse of children" and that it applies retroactively. Stratmeyer at 220 and 223-224.

### Duty of Care and Foreseeability.

Defendants argue they are entitled to judgment as a matter of law on the merits of the negligence claim because they owed no duty to plaintiff and because the acts of childhood sexual abuse allegedly committed by Robert White were not foreseeable. These arguments fail. Regarding duty, South Dakota recognizes a cause of action for negligence in hiring, retention or supervision of an employee. Rehm v. Lenz, 547 N.W.2d 566 (S.D. 1996). See also Hurst v. United States, 739 F.Supp 1377, 1383 (D.S.D. 1990) and E.P. v. Riley, 604 N.W.2d 7, 14-15 (S.D. 1999). Foreseeability is ordinarily a question of fact for a jury to decide. Small v. McKennan Hospital, 403 N.W.2d 410, 412-413 (S.D. 1987).

### First Amendment/South Dakota Constitution.

Defendants argue the First Amendment and the South Dakota Constitution bar Joseph's negligence claim. Plaintiff has cited in excess of twenty state and federal cases in which tort claims have been permitted against church organizations. Examples of the reasoning of the courts are Bear Valley Church of Christ v. DeBose, 928 P.2d 1315, 1323 (Co. 1996) and School Dist. v. Schempp, 374 U.S. 203, 216, 83 S.Ct. 1560 (1963) in which it was respectively said regarding tort claims against church organizations that the court looks not to sectarian matters, but rather to secular

4

purposes which neither advance nor inhibit religion. The question considered is whether the specific danger which ultimately manifested itself could have reasonably been foreseen at the time of hiring.

## REQUEST TO THE SOUTH DAKOTA SUPREME COURT TO ACCEPT CERTIFICATION OF A QUESTION OF LAW WHICH MAY BE DETERMINATIVE OF THIS CASE PENDING IN UNITED STATES COURT FOR THE DISTRICT OF SOUTH DAKOTA

Defendants argue the lawsuit is barred by SDCL 15-2-14(3) which provides that lawsuits for personal injury must be commenced within three years after the cause of action has accrued. Plaintiff argues the time to start suit to recover damages for childhood sexual abuse has been enlarged by SDCL 26-10-25 which allows three years after discovery of the childhood sexual abuse to start litigation. Defendants counter that SDCL 26-10-25 does not enlarge the time to sue non-perpetrators for negligence because the statute applies to "any civil action based on intentional conduct."

Plaintiff and defendants have provided persuasive case authorities for their respective positions. The cases reach opposite conclusions about identical statutory language, claiming their respective conclusions are the result of interpreting clear and unambiguous language in the statute. Rhode Island and Washington are examples of the opposing views. Kelly v. Marcantonio, 678 A.2d 873 (R.I. 1996); C.J.C. v. Corporation of the Catholic Bishop of Yakima, 985 P.2d 262 (Wa. 1999). The supreme courts in those states considered statutes with identical language to each other and to SDCL 26-10-25. There has been no decision from the South Dakota Supreme Court to decide the issue.

5

**South Dakota**

The South Dakota Supreme Court in <u>Stratmeyer v. Stratmeyer</u>, 567 N.W.2d 220 (S.D. 1997) did not address the negligence, perpetrator/non-perpetrator issue. <u>Stratmeyer</u> was about the retroactivity of SDCL 26-10-25.

Likewise, neither the United States District Court for the District of South Dakota nor the Eighth Circuit Court of Appeals in <u>Pecoraro v. the Diocese of Rapid City</u>, 435 F.3d 870 (8th Cir. 2006) addressed the negligence, perpetrator/non-perpetrator issue. In <u>Pecoraro</u> the Eighth Circuit said SDCL 26-10-25 applied to a negligence claim against the Diocese, but the negligence, perpetrator/non-perpetrator issue was not raised in the case. Pecoraro sued outside the time allowed under SDCL 26-10-25, i.e he commenced suit three years and ten months after discovery. The time to sue in Pecoraro's case was measured under SDCL 26-10-25.

The United States District Court for the District of South Dakota previously confronted this exact issue. <u>DeLonga v. Diocese of Sioux Falls</u>, 329 F.Supp.2d 1092, 1102-1104 (D.S.D. 2004). Judge Piersol ruled SDCL 26-10-25 enlarged the time to sue all defendants, not just the perpetrator.

**Other Jurisdictions.**

There are two cases from other jurisdictions which have interpreted language identical to or substantially identical to SDCL 26-10-25[2] as enlarging the time to sue all defendants, not just the perpetrator:

- <u>C.J.C. v. Corporation of the Catholic Bishop of Yakima</u>, 985 P.2d 262, 266-271 (Wa.1999).

---

[2]The Montana statute refers to "an action." while SDCL 26-10-25 refers to "any civil action."

- Werre v. David, 913 P.2d 625, 630-632 (Mt. 1996).

There is one case from another jurisdiction which has interpreted language identical to SDCL 26-10-25 as enlarging the time to sue only perpetrators, but not non-perpetrators:

- Kelly v. Marcantonio, 678 A.2d 873, 875-877 (R.I. 1996).

Cases commonly cited by the courts which consider the issue include:

- Debbie Reynolds Professional Rehearsal Studios v. Superior Court, 25 Cal.App.4th 222, (Ca. 1994). The pertinent, construed language was: "In any civil action for recovery of damages suffered as a result of childhood sexual abuse. . . ." California ruled the enlarged statute of limitations applied only to perpetrators, but not to non-perpetrators.

- Sandoval v. Archdiocese of Denver, 8 P.3d 598, 600-604 (Co. 2000). The pertinent, construed language was: "any civil action based on a sexual assault or a sexual offense against a child." Colorado ruled the enlarged statute of limitations (six years) applied only to perpetrators, but not to "the negligence of a non-complicitous third party."

- Almonte v. New York Med. Coll., 851 F.Supp. 34, 37-39 (D. Conn. 1994). The pertinent, construed language was: "no action to recover damages for personal injury to a minor, including emotional distress, caused by sexual abuse, sexual exploitation, or sexual assault may be brought. . . ." The United States District Judge for the District of Connecticut ruled the enlarged statute of limitations (17 years after reaching majority) applied to non-perpetrators as well as to perpetrators.

7

- Lourim v. Swensen, 977 P.2d 1157, 1161-1162 (Or. 1999). The pertinent, construed language was: "an action based on conduct that constitutes child abuse." Oregon ruled the enlarged statute of limitations (three years from discovery) applies to third parties who might be liable under the doctrine of respondeat superior.
- Allen v. Forest, 257 F.Supp.2d 276 (D.Me., 2003). The pertinent, construed language was: "Actions based upon sexual acts toward minors may be commenced at any time." The United States District Judge for the District of Maine certified the question to the Maine Supreme Judicial Court. There is no published decision which reveals the outcome.

Because this court, like the court in Allen, is unable to predict the path of South Dakota law regarding claims against non-perpetrator defendants with respect to SDCL 26-10-25 the following question is certified to the South Dakota Supreme Court:

Does SDCL 26-10-25 apply to negligence claims against parties who are not the perpetrator or a complicit principal (the perpetrator or complicit principal being defined as a person whose intentional conduct inflicted the childhood sexual abuse which provides the factual basis for the civil action)?

The question is properly certified pursuant to SDCL 15-24A-1 because the question pending in United States District Court is one of South Dakota law which may determine the outcome of the case pending in United States District Court. It appears there is no controlling precedent in the decisions of the South Dakota Supreme Court. This court is unable to predict how the question would be answered under South Dakota law. There is no factual dispute pertinent to the question which is certified.

IT IS ORDERED:

1. That Defendants' Motion for Summary Judgment (Doc.53) is DENIED IN PART. The single undecided summary judgment issue is certified to the South Dakota Supreme Court. A decision about the applicability of SDCL 26-10-25 to plaintiff's civil action is deferred pending reply from the South Dakota Supreme Court.

2. Pursuant to SDCL 15-24A-1 the following question is certified to the South Dakota Supreme Court:

> Does SDCL 26-10-25 apply to negligence claims against parties who are not the perpetrator or a complicit principal (the perpetrator or complicit principal being defined as a person whose intentional conduct inflicted the childhood sexual abuse which provides the factual basis for the civil action)?

3. That the Clerk of Court shall forward this certification order under official seal to the South Dakota Supreme Court, pursuant to SDCL 15-24A-5.

4. Pursuant to SDCL 15-24A-6 the costs before the South Dakota Supreme Court shall be divided equally, one half to be the plaintiff's obligation and one half to be the defendants' obligation.

5. The jury trial scheduled for February 25, 2008, is cancelled pending further order of the court.

Dated this 31st day of January, 2008.

BY THE COURT:

John E. Simko
United States Magistrate Judge